Jose Mendoza DELGADO, Petitioner,

v.

Michael B. MUKASEY,* Attorney General, Respondent.

Nos. 04–73279, 04–74617, 05–71404.

United States Court of Appeals, Ninth Circuit.

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney

Submitted Nov. 13, 2007.**

Filed Nov. 27, 2007.

General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Russell L. Marshak, Esq., Popkin, Shamir & Golan, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., John S. Hogan, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

## MEMORANDUM ***

Jose Mendoza Delgado, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals ("BIA") orders: (1) dismissing his appeal from the Immigration Judge's ("IJ") order denying his application for cancellation of removal; (2) denying his motion to reopen based on new evidence of hardship and ineffective assistance of counsel; and (3) denying his motion to reconsider the order denying the motion to reopen. We review for abuse of discretion the denial of motions to reopen or reconsider. *Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005). In No. 04–73279, we dismiss in part and grant in part the petition for review and remand. In Nos. 04–74617 and 05–71404 we deny the petitions for review.

■ In No. 04–73279, we lack jurisdiction to review the IJ's discretionary de-

termination that Mendoza Delgado failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003). We also lack jurisdiction to review Mendoza Delgado's contention that the IJ applied an incorrect hardship standard because he failed to raise it before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (noting that due process challenges that are "procedural in nature" must be exhausted).

■ The IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. However, in *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the BIA to reinstate the 60–day voluntary departure period.

■ In No. 04–74617, the BIA did not abuse its discretion when it determined that Mendoza Delgado failed to adequately comply with the requirements for a motion to reopen. *See* 8 C.F.R. § 1003.2(c) (motion to reopen must be filed no later than 90 days after the final administrative decision, and "shall be supported by affidavits or other evidentiary material"). Mendoza Delgado's motion to reopen did not comply with the requirements set forth in *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988), and did not include evidence to support counsel's general statements regarding the children's medical conditions. *See* 8 C.F.R. § 1003.2(c).

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

In No. 05–71404, the BIA was within its discretion in denying Mendoza Delgado's motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision denying reopening. *See* 8 C.F.R. § 1003.2(b)(1).

In No. 04–73279, PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.

In Nos. 04–74617 and 05–71404, PETITIONS FOR REVIEW DENIED.